IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN CRUZ | : | CIVIL ACTION—LAW |
| | : | |
| vs. | : | NO. |
| | : | |
| WAL-MART STORES EAST, LP | : | JURY TRIAL DEMANDED |

**DEFENDANT WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL**

Defendant Wal-Mart Stores East, LP (hereinafter referred to as "Walmart"), by and through its attorneys, Law Offices of McDonnell & Associates, P.C., hereby submits its Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b), and 1446(c)(2) and avers as follows:

1. On November 27, 2018, Plaintiffs filed a Complaint in the Court of Common Pleas for Philadelphia County ("County Action"). *See* a true and correct copy of the Complaint attached hereto as Exhibit "A."

2. In the Complaint, Plaintiff named Wal-Mart Stores East, LP, and Wal-Mart Stores, Inc. as defendants. By Stipulation of Counsel, filed in the Court of Common Pleas of Philadelphia on December 21, 2018, Plaintiff agreed to dismiss all claims against Wal-Mart Stores, Inc. and amend the caption to reflect Wal-Mart Stores East, LP, as the only named defendants. *See* a true and correct copy of the Stipulation attached hereto as Exhibit "B".

3. Walmart was served with a copy of the Complaint on December 3, 2018. This Notice of Removal is filed within thirty (30) days of service of the Complaint.

4. The Court of Common Pleas for Philadelphia County is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

5. Plaintiffs allege that they reside at 536 East Indiana Avenue, Philadelphia, PA 19134. *See* Ex. "A", ¶ 1.

6. Defendant Wal-Mart Stores East, LP, is a limited partnership organized and existing under the laws of the State of Delaware with principal business offices located in Bentonville, Arkansas. Wal-Mart Stores East, LP, is the operating entity of Walmart's store located at 2200 Wheatsheaf Lane, Philadelphia, PA, at issue in this litigation. Walmart Inc., which is a Delaware corporation with its principal place of business in Arkansas, is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP, through various wholly-owned operating entities as follows: Walmart Inc. (WMI) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas limited liability company with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas limited liability company (WMSE), which in turn is wholly-owned by a Delaware corporation (WMI). None of Wal-Mart Stores East, LP's limited or general partners are citizens of the Commonwealth of Pennsylvania.

7. Walmart is therefore a citizen of Delaware and Arkansas, and the requirements of diversity jurisdiction are satisfied.

8. In the Complaint, Plaintiff alleges that on August 26, 2017, she was "caused to lose her balance, slip, stumble, and fall, thereby sustaining serious and permanent injuries" due to an accumulation of liquid on the floor of Walmart's store located at 2200 Wheatsheaf Lane, Philadelphia, PA. *See* Ex. "A", ¶ 7.

9. Plaintiff alleges that the accident caused her to suffer:

> severe injuries, including, but not limited to: cervical sprain and strain, acute lumbar sprain and strain, contusion and sprain of the left knee, Grade II intrameniscal tear posterior horn medial meniscus, sprain of the medial collateral ligament, other injuries which may be known, other injuries which may be unknown and others which may develop, some or all of which may be permanent in nature.

*See* Ex. "A", ¶13.

10. Plaintiff alleges that the accident caused her "severe pain, mental anguish, humiliation and embarrassment and she will continue to suffer same for an indefinite period of time in the future". *See* Ex. "A", ¶14.

11. Plaintiff alleges that as a result of the accident, she "has and probably will in the future, by obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries she has suffered". *See* Ex. "A", ¶ 15.

12. Plaintiff alleges that as a result of the accident, she "has incurred medical expenses that were reasonable, necessary and causally related to the aforesaid accident as a result of the injuries she sustained in the accident." *See* Ex. "A", ¶ 16.

13. Plaintiff alleges that as a result of the accident, she "has been unable to attend to her daily chores, duties, and occupations and she will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss." *See* Ex. "A", ¶ 17.

14. Plaintiff alleges that as a result of the accident, she "has and will suffer severe loss of her earnings and/or impairment of her earning capacity." *See* Ex. "A", ¶ 18.

15. Plaintiff seeks damages in excess of $50,000. *See* Ex. "A".

16. Removal from the Philadelphia County Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

17. Defendants are not citizens or residents of Pennsylvania, the state in which the action was initiated.

18. Also, there is complete diversity, pursuant to 28 U.S.C. § 1332, as neither Plaintiff is a citizen of the same state as any defendant.

19. Further, removal is proper under 28 U.S.C. § 1446(c)(2), which allows a defendant to assert an amount in controversy in its notice of removal if the initial pleading seeks a money judgment when the state practice either precludes a plaintiff from demanding a specific sum or permits a plaintiff to recover damages in excess of the amount demanded.

20. This court recently ruled in *Hiester, et ux. v. Wal-Mart Stores East, LP*, that a complaint seeking damages in excess of the arbitration limit of $50,000 and alleging injuries of disfigurement, ongoing medical treatment, the possibility of permanent injury, and disruption of the plaintiff's ability to function for an indefinite period of time establishes the monetary element of diversity to properly remove a case within thirty (30) days of service of the complaint. *See* a true and correct copy of the court's Memorandum Opinion in *Hiester* attached as Exhibit "C".

21. Plaintiff's Complaint alleges injuries similar to those alleged in *Hiester* and demands in excess of the arbitration limit of $50,000; accordingly, this Notice of Removal is properly filed within thirty (30) days of service of the Complaint.

22. This Court has original jurisdiction over the subject matter as there is complete diversity between the opposing parties and the matter in controversy exceeds $75,000, as set forth above.

23. Based on the foregoing, the requirements of 28 U.S.C. §§ 1441(a); 1441(b), 1446(c)(2) have been satisfied and the matter is properly removable.

**WHEREFORE,** Defendant Wal-Mart Stores East, LP, respectfully requests that the County Action be removed from the Court of Common Pleas for Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

**McDONNELL & ASSOCIATES, P.C.**

Date: December 27, 2018

BY: *Nancy Zangrilli*
Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
Nancy E. Zangrilli, Esquire
Attorney I.D. No. 91150
860 First Avenue, Unit 5B
King of Prussia, PA 19406
(610) 337-2087 - Telephone
(610) 337-2575 - Facsimile
*Attorneys for Defendant Wal-Mart Stores East, LP*

## CERTIFICATE OF SERVICE

I, Nancy E. Zangrilli, Esquire, hereby certify that on December 27, 2018, a true and correct copy of Defendant Wal-Mart Stores East, LP's Notice of Removal with exhibits was filed electronically with the Court and was sent via facsimile to the following counsel:

> Joel J. Kofsky, Esquire
> Kimberly Ruch-Alegant, Esquire
> The Law Offices of Joel J. Kofsky
> 2 Penn Center, Suite 550
> Philadelphia, PA 19102
> Facsimile: 215-735-7919
> *Attorney for Plaintiff*

**McDONNELL & ASSOCIATES, P.C.**

Date: December 27, 2018

BY: *[signature]*
Nancy E. Zangrilli, Esquire
*Attorneys for Defendant Wal-Mart Stores East, LP*