IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN CRUZ | : | CIVIL ACTION—LAW |
| | : | |
| vs. | : | NO. 2:18-cv-05598-BMS |
| | : | |
| WAL-MART STORE EAST, LP | : | JURY TRIAL DEMANDED |

**DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES**

Defendant Wal-Mart Stores East, LP (hereinafter referred to as "Walmart"), by and through its attorneys, Law Offices of McDonnell & Associates, P.C., hereby answers Plaintiff's Complaint and asserts Affirmative Defenses, as follows:

1. Denied, as this Paragraph avers no allegations against Wal-Mart.

2. Denied as stated. Wal-Mart Stores East, LP, is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LP, is the operating entity of store #5891, located at 2200 Wheatsheaf Lane, Philadelphia, PA, at issue in this litigation.

3. Denied. Defendants Wal-Mart Stores, Inc. has been dismissed pursuant to the Stipulation of Counsel filed in the Court of Common Pleas of Philadelphia on December 21, 2018.

4. It is admitted that Plaintiff alleges that the subject incident occurred on or about August 26, 2017 at Walmart's store located at 2200 Wheatsheaf Lane, Philadelphia, PA. All other allegations are denied.

5. Denied as stated. Wal-Mart Stores East, LP, is the operating entity of store #5891, located at 2200 Wheatsheaf Lane, Philadelphia, PA, at issue in this litigation.

6.-10. Denied.

## COUNT I--NEGLIGENCE
## CARMEN CRUZ V. WAL-MART STORES EAST, LP AND WAL-MART STORES, INC.

11. All preceding responses to Plaintiff's Complaint are incorporated herein as if set forth more fully at length.

12. (a-i)  Denied.

12. (j)  Per the parties' Stipulation to Strike, filed on December 21, 2018 in the Court of Common Pleas for Philadelphia, this Paragraph is dismissed with prejudice, and is therefore denied.

13.-18.  Denied.

**WHEREFORE**, Defendant Wal-Mart Stores East, LP, requests judgment in its favor and that Plaintiff's Complaint be dismissed with prejudice, for costs of suit, interest, and all other relief and damages recoverable by law.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and causes of action are barred by reason of Plaintiff's own contributory negligence, or alternatively, are reduced by the percentage of Plaintiff's own comparative negligence.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and causes of action are barred because she failed to mitigate her damages.

## THIRD AFFIRMATIVE DEFENSE

If Plaintiff sustained damages, such damages were caused by the negligence of a third party over which Walmart exercised no control.

**FOURTH AFFIRMATIVE DEFENSE**

If Plaintiff sustained damages, then such damages were caused by intervening or superseding events or factors, over which Walmart exercised no control.

**FIFTH AFFIRMATIVE DEFENSE**

If Plaintiff executed a Release releasing any person or entity from liability arising from the accident or occurrence described in Plaintiff's Complaint, Walmart is similarly released from any such liability.

**SIXTH AFFIRMATIVE DEFENSE**

If Plaintiff seeks compensatory damages for expenses related to medical tests, medications, and treatment, such damages are reduced by the holding in *Moorehead v. Crozer Chester Medical Center*, 557 Pa. 630 (1998) to the amounts actually due and payable. Any medical bills exceeding the provider's usual collection rate are barred by the doctrine of unjust enrichment.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to take due care for her own safety.

**EIGHTH AFFIRMATIVE DEFENSE**

Walmart had no actual or constructive notice of any condition alleged by Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery from Walmart, if any, shall be diminished by the percentage of the total negligence attributable to any other liable parties in this action.

**TENTH AFFIRMATIVE DEFENSE**

At all relevant times, Walmart upheld any duty of care owed to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Walmart is not liable as Plaintiff failed to avoid an open and obvious condition and/or assumed the risk of injury.

## TWELTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Walmart reserves the right to assert all defenses disclosed or developed in the course of discovery, arbitration and/or trial.

**WHEREFORE**, Defendant Wal-Mart Stores East, LP, requests judgment in its favor and that Plaintiff's Complaint be dismissed with prejudice, for costs of suit, interest, and all other relief and damages recoverable by law.

**McDONNELL & ASSOCIATES, P.C.**

Date: January 4, 2019

BY:   *s/Nancy E. Zangrilli*
Patrick J. McDonnell, Esquire
Attorney I.D. No.   62310
Nancy E. Zangrilli, Esquire
Attorney I.D. No.   91150
860 First Avenue, Unit 5B
King of Prussia, PA  19406
(610) 337-2087 - Telephone
(610) 337-2575 - Facsimile
*Attorneys for Defendant Wal-Mart Stores East, LP*

## **CERTIFICATE OF SERVICE**

    I, Nancy E. Zangrilli, Esquire, hereby certify that on January 4, 2019, a true and correct copy of Defendant's Answer with Affirmative Defenses was filed electronically with the Court and is available for viewing and downloading from the ECF by the following counsel of record:

Joel J. Kofsky, Esquire
Kimberly Ruch-Alegant, Esquire
The Law Offices of Joel J. Kofsky
2 Penn Center, Suite 550
Philadelphia, PA 19102
*Attorney for Plaintiff*

**McDONNELL & ASSOCIATES, P.C.**

Date: January 4, 2019    BY: *s/Nancy E. Zangrilli*
    Nancy E. Zangrilli, Esquire
    *Attorneys for Defendant Wal-Mart Stores East, LP*